### No. 464

### MIDDLETON v. LAUB BAKING CO.

No. 19775. Supreme Court

On motion to certify. Dock. Apr. 15, 1926.

480. EVIDENCE—Where an individual was injured through the negligence of driver of a truck upon which the name of a certain company is printed, the driver failing to stop, is the testimony of the President of the Company, that all the Company's trucks were out on the day of the accident driven by Company's employees in the Company's business sufficient to establish a cause of action against said Company?

Katherine Middleton brought this action originally in the Cuyahoga Common Pleas against the Jacob Laub Baking Company to recover damages for personal injuries alleged to have been caused by the negligence of one of the Company's employees. It appears that Middleton was struck by a motor vehicle and injured and that the truck driver did not stop; one Miller who was standing near by testified that he saw the accident and that truck had the Company's name printed on it together with certain trade marks and other advertising matter. Herbert Laub, the Treasurer of the Company testified that at the time and on the date of the accident all of the Company's trucks were being driven by employees of the Company on the Company's business.

Judgment was rendered on the verdict in favor of Middleton in the Common Pleas

Court which judgment was reversed and the petition dismissed by the Appeals.

The opinion of the Court of Appeals was based on 107 OS. 204. The following is a quotation from the opinion:

"The only substantial difference in the facts in the Sobolovitz case and the case at bar is that in the former case it was shown that some of the defendant's trucks might have been in operation by the defendant at the time of the collision, while in the instant case the record shows that some of the defendant's trucks were in actual operation. The difference is unimportant."

Middleton in the Supreme Court contends that it was clearly established that all of the trucks of the Company were being operated in the Company's business by employees of the Company at the time that Middleton was injured and that therefore the Sobolovitz case does not apply because in that case it was only shown that some trucks might have been in operation.

Attorneys—Mooney, McCormack, Roth and Pollack for Middleton; Dustin, McKeehan, Merrick, Arter & Stewart for Company; all of Cleveland.